IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN A. GARCIA and
JAVIER PAREDES,

      Plaintiffs,

vs.   Civ. No. 24-680 JFR/SCY

WILL TRANSPORT AMERICAN CORPORATION,
And ARIEL MARENCO MIRANDA,

      Defendants.

### ORDER TO AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Will Transport American Corporation on July 3, 2024. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the notice of removal, the applicable law, and being otherwise fully advised in the premises, concludes that the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v.*

*Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Notice of Removal alleges that both Plaintiffs are "residents" of Texas and that Defendant "Ariel Marenco Miranda (Marenco), is alleged to be an individual residing in Jal, State of New Mexico." Doc. 1 ¶¶ 4-5. Residency is not equivalent to citizenship. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal containing allegations of residency instead of citizenship).

The Notice of Removal further alleges that "the Defendant, Will Transport, is a Colorado corporation." Doc. 1 ¶ 5. A corporation is deemed to be a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). The Court assumes that the allegation in the Notice of Removal pertains to Will Transport's place of incorporation. However, the Notice of Removal fails to provide its principal place of business.

The Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Wherefore, **IT IS HEREBY ORDERED** that Defendant Will Transport American Corporation amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than August 12, 2024.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by August 12, 2024, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE