IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN A. GARCIA and
JAVIER PAREDES,

      Plaintiff,

v.                                                                            Civ. No. 24-680 KWR/SCY

WILL TRANSPORT AMERICA
CORPORATION; ARIEL MARENCO
MIRANDA; and RAUL MORENO,

      Defendants.

## ORDER TO SUPPLEMENT MOTION FOR SERVICE BY PUBLICATION

Plaintiffs filed this lawsuit alleging damages following a vehicle collision with a tractor trailer owned by Defendant Will Transport American Corporation ("Will Transport") and operated by Defendant Ariel Marenco Miranda ("Marenco"). Doc. 30 ¶¶ 41-42. After Will Transport removed the case to federal court, Doc. 1, the Court extended to time to serve Marenco to November 1, 2024. Doc. 22. Having been unable to serve him by January 3, 2025, Plaintiffs filed the present "Unopposed Motion for Leave to Serve Defendant by Publication and to Extend Deadline for Service." Doc. 35.

Federal Rule of Civil Procedure 4 authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely

to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶¶ 26, 28, 31 (2016) (cleaned up).

The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant . . . and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." NMRA 1-004(F)(2). If service fails under both subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3). Plaintiff must demonstrate that each of these avenues were infeasible before alternative service can be permitted. *Ellis v. United States*, No. 20cv971 CG/GBW, 2021 WL 1999492, at *2 (D.N.M. May 19, 2021).

Here, the police report from the accident documents an address for Marenco in Jal, New Mexico. Doc. 35-1. Plaintiffs explain in their motion that they hired a licensed private investigator, who in turn conducted skip tracing and social media research to confirm that "it is likely that Marenco does reside in Jal, New Mexico and is likely evading service of process at the address listed on the New Mexico State Police Crash Report." Doc. 35-2 ¶ 2. Indeed, Plaintiffs also attach to their motion an affidavit by a process server who attempted service at the Jal, NM address and "upon arrival at [the] residence the current resident said she didn't know him and Ariel Marenco Miranda didn't live at the residence." Doc. 35-3.

Although Plaintiffs' motion demonstrates that they have been unable to serve Marenco according to NMRA 1-004(F)(1) or (2)—personally or through someone at his usual place of abode—Plaintiffs' motion does not address NMRA 1-004(F)(3). The Court therefore orders

Plaintiffs to file a supplement to their motion addressing whether Marenco's place of business or employment is ascertainable, and if so, whether service by this means has been attempted. Such information is a prerequisite to ordering alternative means of service. **Plaintiffs shall file the supplement within 21 days of the date of this Order**.

    IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE